KLIEBERT, Judge.
This is a devolutive appeal by Jessie E. Allen, plaintiff, from a $111,869.47 judgment in her favor against Wagner-Truax Company, Inc., defendant, and their insurer, The Travelers Insurance Company, for injuries sustained in a “slip and fall” tort suit. The defendants neither appealed nor answered the appeal.
Plaintiff contends the $111,869.47 award was inadequate because the trial court erred in computing the amount of lost future wages and the $15,000.00 award for pain and suffering was inadequate. For the reasons hereafter stated, we affirm the trial court.
At the time of trial Mrs. Allen was 57 years of age. Although she commenced her formal educational training late in life, she succeeded in obtaining three prestigious degrees: (1) a bachelor’s degree in education with a major in speech and Spanish from the University of New Orleans, (2) a master’s degree in special education with a minor in school administration from the University of New Orleans, and (3) a Ph.D. in counseling from Marquette University. Following her graduation in 1977 from Marquette University to 1980 she had the following employment record and earnings:
(1) In 1978 she was employed as a teacher in the Jefferson Parish Schools and had earnings for the year of $14,-500.00;
(2) In 1979 she was principal of the St. Charles Borromeo School at a salary of $12,500.00;
(3) In 1980 she was a guidance counselor with the Plaquemine Parish School Board and earned $19,000.00.
On January 15, 1981, while employed as head of the Department of Special Education of the Plaquemine Parish School Board, at a salary of $28,000.00 per year, she slipped and fell to the floor in the defendant’s building. Notwithstanding the injuries sustained in the fall, she continued in her employment with the Plaquemine Parish School Board until June 30, 1982. The circumstances under which her employment with the Plaquemine Parish School Board terminated forms one of the basis for the dispute as to quantum on this appeal.
At the trial, Mrs. Allen testified that sometime prior to June 1982 she started discussing with the Superintendent of Education for the Parish of Plaquemine a change in her employment as head of the Department of Special Education to guidance counselor because her arthritic condition (resulting from the fall) had progressively worsened to the point she felt unable to continue performing the duties of her office.
In direct contradiction of Mrs. Allen’s testimony, the Superintendent of Education for the Plaquemine Parish School Board testified that Mrs. Allen had never complained of her arthritic condition to them and her employment terminated only after she was informed her work was totally unsatisfactory and she would no longer be retained in the position of head of the Department of Special Education. He further testified that when she learned her employ *633 ment as head of the Department of Special Education would not be continued, she then sought continued employment as a guidance counselor.
In support of her claim for lost wages, the plaintiff introduced the testimony of Dr. Seymour Goodman, an economist. He determined her earnings for the first half of the 1981-82 school year as $15,-441.00 or $30,882.00 for the total year. Based on this, he computed her loss of earnings from June 1982 (the date she stopped working) to the date of the trial in April 1983 at $28,190.58. He then established and utilized a formula to compute an award for the impairment of her future earning capacity. In essence under his formula it was arbitrarily assumed Mrs. Allen’s earning capacity had been impaired to the point she could not be expected to earn more than $10,000.00 per year. (This was an arbitrary figure furnished to him by plaintiffs counsel). He then subtracted this from the computed earnings of $30,-882.00 for the last year she worked as head of the Department of Special Education and, following adjustments for projected salary increases, multiplied the net result times her work-life expectancy of 5.7 years, discounted it at the rate of 10¾% and arrived at a projected amount of $127,000.00 as the amount necessary to compensate her for her impaired earning capacity. The trial judge, having concluded Mrs. Allen was more suited to an employment as a guidance counselor, substituted $22,000.00 (the earnings of a guidance counselor) where Dr. Goodman used $32,882.00 and made an award of $66,187.61[1] for the impairment of her future earning capacity.
The plaintiff contends that having accepted Dr. Goodman’s formula, the trial judge was obligated to use the same assumptions, therefore, he erred in making other assumptions. Considering Mrs. Allen’s employment and income prior to her employment as head of the Department of Special Education, her doctor’s reeommen-dation that she continue to work, her preference for guidance counselor work, her having remained on the job for over a year after the fall and her efforts to seek such employment, and her effort to remain at work as a guidance counselor, we cannot say the trial judge was clearly wrong in concluding Mrs. Allen was more suited to employment as a guidance counselor. Rather, considering this record as a whole, we are convinced his conclusions and the amount of her award for lost wages and impaired future earning capacity were rather generous.
According to the testimony of Mrs. Allen’s physician, her fall caused a previously existing arthritic disease to “flare up”. Her previous 1979 “flare up” (prior to the injury) was concentrated in the joints of her fingers and hand; whereas, the “flare up” shortly after the fall was concentrated in her knees and shoulder. Notwithstanding the “flare up” and the necessity for intermittent treatment, Mrs. Allen was able to continue in her usual employment which included twelve hours work per day and a substantial amount of driving to and from work.
Plaintiff now contends the $15,-000.00 award as general damages was inadequate. Considering her prior history of arthritis disease, the fáct she continued in her employment for over a year following the fall and her general medical history since the fall, we cannot say the trial judge was clearly wrong in fixing the award for pain and suffering at $15,000.00 or in awarding a total of $111,869.47 for the damages sustained. Rather, in our view the total award was on the generous side of the trial judge’s wide discretion and hence should not be disturbed. Reck v. Stevens, 373 So.2d 498 (La.1979).
Accordingly, the judgment of the trial court is affirmed. The plaintiff is to bear all costs of the appeal.
AFFIRMED.

. Dr. Goodman was asked to compute the projection based on the judge’s assumption and arrived at the $66,187.61 amount.